## WILLIAMSON v. GREAT EASTERN CASUALTY COMPANY.

[No. 10,842. Filed June 24, 1921.]

INSURANCE.— *Accident Insurance.— Policy.— Construction.—Exemption from Liability for Accidental Death.* An accident insurance policy providing an indemnity for accidental death if resulting from injuries sustained in the manner specified in certain clauses, but excluding a clause covering accident and injuries sustained while walking on a public highway from contact with any moving conveyance or vehicle, did not cover death from being struck by a train at a highway crossing, though another provision of the policy stipulated that it did not cover injuries sustained on the roadbed of any railway, "except while crossing at a public highway."

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Margaret Williamson against the Great Eastern Casualty Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Evan B. Stotsenberg* and *John H. Weathers,* for appellant.

*Charles L. Jewett* and *Walter V. Bulleit,* for appellee.

McMAHAN, J.—Action by appellant on an accident insurance policy issued by appellee to John M. Williamson, husband of appellant insuring him "against the effect of bodily injuries caused directly, solely and independently of all other causes by external, violent and accidental means, * * * and which shall from the date of the accident result in continuous disability and also against the effects of sickness, as follows: Section A for loss of life * * * resulting within thirty

days from the date of accident solely from such injuries, which shall have caused continuous total disability from date of accident to date of loss, but only when such injuries are sustained in the manner specified in section C, Clauses 1, 2, 7, 8, 10, 11, 12, 13 and 14." Section A of the policy covers "Accident Benefits" when sustained under the above numbered clauses of section C while section B covers "Weekly Indemnity" when the injuries are sustained in the manner specified in section C, clauses 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15 and 16.

Section A of the policy is arranged in tabular form, the causes for which benefits are paid being in the first column, the amount to be paid on account of loss being in the second column. The third and fourth columns show increases in the amount to be paid as benefits after the first year. At the top of the second column and above the amount to be paid for benefits under section A is the following statement: "IN FIRST YEAR of policy under clause 1 of section C and the first and all subsequent years under the other clauses of section C." Section C contains clauses 1 to 16, indicating the manner in which the injuries must occur in order to be covered by the policy. Clause 9 covers accidents and injuries sustained *"While walking on a public highway, by being injured by actual contact with a bicycle or any moving conveyance or vehicle,"* etc.

The complaint alleges that the insured was killed by being accidentally struck by a railway train while he was crossing a railroad track at a public highway.

Appellant contends that the liability of appellee under the first part of the policy to pay $5,000 in case of accidental death occurring under the first and other clauses of section C is not limited by that part limiting the insurance to cases of injuries sustained in the manner designated in said specified clauses of section C. She

says the schedule of amounts is made confusing by the provision for increased annual insurance which is provided for in case of death or injury caused in the manner prescribed in clause 1 of section C, which covers injuries or death "while traveling as a passenger" in a common carrier's public conveyance. The policy provides for an annual increase in case of death or injury under clause 1 of section C, but did not provide for any increased insurance under any other clause of said Section. The policy is what is generally known as a railroad accident policy, the amount of premium is but $10.

Under clause B of "Additional Provisions" it is provided that the policy does not cover, among other things "loss from injuries fatal or otherwise" resulting wholly or in part, directly or indirectly from, or while, or in consequence of being "on the roadbed or bridge of any railway except while crossing at a public highway," etc.

It is somewhat difficult to grasp and understand the contention of appellant, but it seems to be her contention that the expression "except while crossing at a public highway" in said clause B is sufficient to cover the death of her husband, as the allegation of the complaint is that he met his death accidentally while crossing a railway track "at a public highway." The policy expressly states that it covers death occasioned by reason of accident caused by certain named causes as specified in the policy and stated in clauses 1, 2, 7, 8, 10, 11, 12, 13 and 14, section C. Death from or on account of all other causes is excluded. The cause of the insured's death as alleged was not covered by the policy. Without stating or discussing the rules of law relative to the construction of insurance policies, we hold that the court correctly sustained the demurrer to the complaint. See *Anderson* v. *Midland Casualty Co.* (1921), *post* 173, 131 N. E. 523.

Judgment affirmed.