## ANDERSON v. MIDLAND CASUALTY COMPANY.

[No. 10,919. Filed June 24, 1921.]

INSURANCE.—*Accident Insurance.*—*Action on Policy—Complaint.* —*Sufficiency.*—*Failure to Show Injury Covered by Policy.*—In an action on a policy insuring against accidental death resulting from injuries sustained "while walking upon a public highway" by being knocked down by any vehicle, etc., a complaint alleging that insured was struck by an automobile, but failing to allege that the accident occurred while he was walking upon a public highway, was insufficient, and a demurrer thereto was properly sustained.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Louise F. Anderson against the Midland Casualty Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*D. Kirke Hedden* and *Ernest W. Sprague,* for appellant.

*Orlaf Anderson, Charles L. Jewett* and *Walter V. Bulleit,* for appellee.

NICHOLS, P. J.—Appellant seeks to recover on a policy of insurance issued by appellee to one H. W. Dohrman, in which she is named as the beneficiary, whereby appellee insured said Dohrman against death by external, violent and accidental means "while walking upon a public highway, by being knocked down, struck, run over, or injured by actual contact with any conveyance or vehicle propelled by steam, electricity, cable, gasoline or compressed air."

It is admitted by appellant that this is the only provision of the policy under which she can recover. The averment of her complaint is that "on or about the fourth day of December, 1918, the said H. W. Dohrman received a bodily injury through external, violent and accidental means, by being struck, knocked down and

injured by actual contact with a vehicle, to wit: an automobile, which injury, independent of all other causes, caused the death of said H. W. Dohrman within thirty days thereafter."

Appellee's demurrer to the complaint was sustained, and this ruling of the court is assigned as error.

It will be observed that the provision of the policy: "while walking upon a public highway" is absent from the averment in the complaint. The memorandum to the demurrer fully presented this defect. The complaint was insufficient, and the demurrer thereto was properly sustained. See *Williamson* v. *Great Eastern Casualty Co.* (1921), *ante*, 170, 131 N. E. 522. The judgment is affirmed.